J. C. PORTER et al., Appellees, v. IOWA ELECTRIC COMPANY, Appellant.

No. 45030.

MAY 14, 1940.

C. E. Richmann, James E. Remley, and Glenn J. McLaughlin, for appellant.

Marvin C. Levsen and George C. Gorman, for appellees.

RICHARDS, J.—Plaintiffs are owners of a small farm located 4 miles south of Anamosa. It is bounded on the west by a north and south highway. Until destroyed by fire on November 8, 1937, the dwelling house on the farm stood about 35 feet east of the highway and faced thereon. In the open space between the house and the highway were four or five large oak trees including one that was dead. On July 14, 1937, a severe windstorm, described by one of the witnesses as a cyclone, went through the trees. Considerable destruction resulted. One large limb was broken in such manner that it lodged in the fork of the dead tree, with the butt end of the limb remaining attached to the tree of which it had been a part. The fork of the dead tree was about 10 feet east from defendant's transmission line that had been constructed along the east side of the highway. The broken limb, after lodging in the fork of the dead tree, extended toward the west beyond the transmission line, so that the line was 2 or 3 feet beneath the limb. Plaintiffs claim that during another severe windstorm that blew from the west on November 8, 1937, the current of high voltage electricity carried by the line caused a fire in the limb and dead tree that spread to and consumed the house. Averring that the destruction of the house was caused solely through the negligence of defendant, the plaintiffs seek recovery of their damages. The trial of the case resulted in a verdict for plaintiffs. From the judgment thereon against defendant it has appealed.

Appellant urges that the evidence established as a matter of law that plaintiffs were guilty of contributory negligence, and that consequently the court erred in overruling ap-

pellant's motion for a directed verdict. The alleged contributory negligence was mentioned in the motion as one of its grounds. As justification for taking this position appellant affirms that the following matters were established without dispute by the evidence; i. e., that plaintiffs owned the trees and had knowledge of the dead tree; that plaintiffs knew the limb had broken down into the dead tree, and knew the transmission line was in perfect condition; that plaintiffs made no effort to remove the dead tree or to remove the limb. It appears, however, that these affirmations on part of appellant are not wholly consistent with the record, particularly the statement that plaintiffs made no effort to remove the dead tree or the limb. That is, there is evidence in the record to this effect; that in the summer of 1937 plaintiffs requested appellant's manager to shut off the current the wire was carrying in order that plaintiffs might cut down the dead tree and projecting limb, to which request the manager replied: "Maybe we can do it this afternoon"; that on September 14, 1937, one of the plaintiffs made this inquiry of defendant's maintenance foreman: "When can you take the line down or disconnect it so that we can cut the tree down and take the limb away?" To which the foreman answered: "We will be out tomorrow afternoon." The alleged reason for the making of these requests and responses lay in the fact that the transmission line carried an electric current of 6,600 volts, as the parties all knew. But defendant failed to take any steps to shut off the current and plaintiffs did not remove the dead tree and projecting limb.

Such being the record, it cannot be said as a matter of law that plaintiffs were contributorily negligent. If, arguendo, it be conceded that plaintiffs owed a duty in the way of protecting their property from the fire hazard, and further that they failed to accomplish the protection, yet it does not necessarily follow that such failure constituted negligence. It would not be negligence if an ordinarily careful and prudent person, under the same circumstances and facts, would have done as plaintiffs did. Such person would not have made himself oblivious to all

other duties he was owing. One of these would have been a duty owing to himself to avoid the dangers of induction of the current into his own body. In seeking to carry out both duties he might well have adopted the course that plaintiffs allegedly attempted—the meeting of the duty of self-protection by trying to have the current shut off, and the performing of the other duty by then removing the dead tree and overhanging limb. But failing in that, an ordinarily careful and prudent person would have weighed all obligations that known duties imposed upon him, in determining his course of action. Lutz v. Davis, 195 Iowa 1049, 192 N. W. 15. It does not appear, as a matter of law, that he would have taken a course other than that plaintiffs claim they pursued. The trial court submitted the question of contributory negligence to the jury. Appellant was not entitled to more.

Appellant claims the court erred in not instructing the jury that the cause of action was based on general negligence. In the petition negligence on part of defendant was alleged in general terms, and the sufficiency of the petition in that respect was not questioned. In assigning this alleged error appellant states that the court set out the substance of the petition in stating to the jury the issues. Appellant has not made it clear in what manner the jury would have better understood the issues had the court defined plaintiffs' pleading as one based on allegations of general negligence. Reading the instructions in their entirety we are unable to discover that the nonuse of the words "general negligence" was in any way prejudicial to defendant.

In another assignment appellant predicates error upon the court's failure to give any of the instructions asked by defendant. Though such requested instructions are not identified in the assignment, nor any of them separately argued, we have read them as they appear in the abstract. We discover no error by reason of the court's refusal to give them.

Errors are claimed with respect to the giving of other instructions, but upon examination of these assignments, and of

the reasons on which error is predicated, we are convinced there was nothing in the way of prejudicial error in the charge to the jury, read in its entirety. The judgment is affirmed.—Affirmed.

SAGER, OLIVER, HALE, and MITCHELL, JJ., concur.